## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTONIO ROWLES,<br>          Appellant, | DOCKET NUMBER<br>CH-844E-22-0479-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>     MANAGEMENT,<br>          Agency. | DATE:  February 20, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Antonio Rowles</u>, Kansas City, Missouri, pro se.

<u>Sheba Dunnings Banks</u> and <u>Linnette Scott</u>, Washington, D.C.,
     for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying his application for disability retirement under the Federal Employees'

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Retirement System. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant submits alleged new documentation concerning a decision from the Department of Veterans Affairs (DVA) concerning his eligibility for Veteran Readiness and Employment (VR&E) benefits. Petition for Review (PFR) File, Tab 1 at 5-6. Under the Board's regulations at 5 C.F.R. § 1201.115(d), the Board may grant a petition for review when new and material evidence is available that, despite due diligence, was not available when the record closed.

The record in this matter closed at the conclusion of the December 2022 hearing. Initial Appeal File, Tab 9-1, Hearing Recording. The DVA issued its decision concerning VR&E benefits on May 12, 2023. PFR File, Tab 1 at 6. The VR&E decision indicates that, on April 5, 2023, the vocational rehabilitation counselor referred the appellant to Dr. R.K. and asked that he determine the appellant's status and the impact of his service-connected disabilities on his ability to work as an accountant and in a sedentary environment and complete a bachelor's degree. PFR File, Tab 1 at 5-6. The DVA decision relies on a report completed and signed by Dr. R.K. on April 27, 2023. *Id.* Although the DVA issued its decision on May 12, 2023, ten days before the administrative judge issued her initial decision, there is no indication that the appellant received it or the accompanying medical report before the issuance of the initial decision on May 22, 2023. Presuming 5 days for mail and delivery, he would have received these documents less than a week before the administrative judge issued the initial decision. *See* 5 C.F.R. § 1201.23. Under these circumstances, we find that the VR&E decision and supporting medical report were not readily available to

the appellant before the record closed below and that the appellant showed due diligence in submitting the documentation to the Board along with his timely filed petition for review. *See Gardner v. Office of Personnel Management*, 91 M.S.P.R. 391, ¶¶ 6-7 (2002) (finding that a Social Security Administration (SSA) disability benefits award was new when there was no indication that the appellant received it before the issuance of the initial decision 12 days later); *Redmond v. Office of Personnel Management*, 90 M.S.P.R. 4, ¶ 7 (2001) (determining that the SSA's disability decision relied on an examination and medical opinion that it obtained under its regulatory powers and was thus not readily available to the appellant before it issued its decision). Thus, we find that the evidence is new.

We also find that the DVA decision and supporting medical evidence potentially affect the outcome and thus are material to the disposition of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). The Board and OPM must consider an award of benefits by the DVA based on the same medical conditions as the appellant's disability retirement application, although this evidence may be outweighed by other evidence. *Sachs v. Office of Personnel Management*, 99 M.S.P.R. 521, ¶ 11 (2005). Additionally, in disability retirement cases, the Board has frequently accepted as new evidence medical reports that were developed in concurrent proceedings conducted in other fora and unavailable to the appellant when the record closed. *Harpole v. Office of Personnel Management*, 98 M.S.P.R. 232, ¶ 14 & n.6 (2005). We find that it is in the interest of justice to allow the appellant to submit evidence and argument regarding the VR&E decision and underlying examination and information upon which it is based. The administrative judge should allow the appellant a supplemental hearing on these issues if he requests one. *See, e.g., Gardner*, 91 M.S.P.R. 391, ¶ 8. The

administrative judge shall then issue a new initial decision based on the totality of the evidence.

## ORDER

For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.